**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 07-20210-CIV-MOORE/GARBER

JOSE GARCIA,

Plaintiffs,

v.

AIRPORT BOOK & VIDEO, INC. &
RORY BROWN,

Defendants.
_______________________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENTS; DENYING AS MOOT MOTION FOR PROTECTIVE ORDER**

THIS CAUSE came before the Court upon Defendants' Motion to Set Aside Default Judgments (DE # 20) and Defendant's Motion for Protective Order from Deposition to Enforce Judgment (DE # 30).

UPON CONSIDERATION of the Motions, the relevant portions of the record, and being otherwise fully advised in the premises, the Court enters the following order.

## I. Background

On March 9, 2007, Plaintiff moved for the Clerk of Court to enter default against Defendants (DE # 12) for failure to respond to the Complaint. The Clerk entered default against Defendants on March 12, 2007 (DE # 13 & 14). On March 15, 2007, Plaintiff moved for default judgment (DE # 16). The Court entered final default judgment (DE # 17 & 18) against Defendants. On May 11, 2007, Defendants filed the instant motion to set aside default judgment arguing that they should be released from default judgment because they were never served with the complaint and therefore were not required to answer the complaint.

Defendants argue that the affidavits of service attesting to service of the complaint on

Defendants are fraudulent and submit affidavits of the employees allegedly served, in which those employees swear that they were never served with the complaint in this action. Defendants alternatively argue that default judgment should be set aside because, even if the employees had been served, those employees were not authorized to receive service; therefore, service was improper. Plaintiff responds with a sworn affidavit of the Florida licensed process server attesting that he did in fact serve the indicated employee of Defendants consistent with the affidavits of service.

## II. Discussion

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55. "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct or an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served)).

### A. Sufficiency of Service of Process

#### 1. Corporate Service

With regard to service of process upon corporations, the Federal Rules of Civil Procedure provide in relevant part as follows:

> service upon a domestic or foreign corporation [] from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure Rule 4(e)(1) generally covers service of process upon individuals, but is incorporated with regard to service of corporations by Fed. R. Civ. P. 4(h). Rule 4(e)(1) provides that service be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in any action brought in the courts of general jurisdiction of the State." Florida is the state in which the district court is located and in which Plaintiff asserts service was effectuated. Therefore, service of process on Defendants, the corporation and individual, is proper if executed based on either the law of Florida or applicable provisions of Federal Rule of Civil Procedure Rule 4.

With regard to service of process upon corporations, Florida state law provides that:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state. . . .
>
> (3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Fla. Stat. §48.081. "For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the 'statutorily prescribed superior classes of persons who may be served.'" Microsoft Corp. v. Silver Eagle Computers, Inc., No. 06-cv-1405, 2006 WL 3391229, at *1 (M.D. Fla 2006) (citing Saridis v. Vista St. Lucie Ass'n, Inc., 804 So. 2d 372, 373 (Fla. App. 4 Dist. 2001)).

For Defendant Airport Book & Video, Inc., process was allegedly served upon Massiel (or Massel) Jiron, an employee of Airport Book & Video, Inc. working at the front desk, on February 14, 2007 at 2:36 p.m. Affidavit of Service (DE # 10); Borras Affidavit ¶2. The Affidavit of Service upon Airport Book & Video, Inc. (DE # 10) indicates that corporate service was effected upon "Massel Jiron/Front Desk" as an employee of defendant corporation "in compliance with F.S. 48.081." Massiel Jiron swears, in her affidavit, that she is employed by Defendants as a "store clerk/cashier." Jiron Affidavit ¶2.

Plaintiff does not contend that Massiel Jiron is a corporate officer, a managing or general agent, or an agent otherwise authorized to receive process for the corporation. Therefore, process is not proper based on any of the specific categories listed in Fed. R. Civ. P. 4(h)(1). Plaintiff does not contend that Massiel Jiron is the president, vice president, other head of the corporation, corporate cashier, treasurer, secretary, general manager, or an agent of the corporation registered under § 48.091. Further, Defendants assert that the corporation did have a registered agent under § 48.091. Def. Reply at 6. The Return of Service does not make any indication about the absence of the statutorily prescribed superior classes of persons who may be served. *See* Microsoft, 2006 WL 3391229, at *1. Because Massiel Jiron is not one of the superior classes of

persons who may be served and the return of service does not indicate that such superior classes of persons were unavailable, the service of process upon Defendant Airport Book & Video, Inc. was improper. Even without deciding the issues of whether the affidavits of service are fraudulent and whether Defendants were ever in fact served, insufficiency of process would give cause for setting aside default judgment in this case.

Additionally, it appears that service would have been improper even if some superior classes of persons had been shown to be absent or unavailable, because Massiel Jiron, as a store clerk or store cashier, still would not qualify as an inferior officer or business agent within the meaning of the statute. Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 234–36 (M.D. Fla. 1993) ("a clerical staff employee[] would not be considered an inferior officer or business agent of the company as the term is used in the statute"); Lisa, S.A. v. Gutierrez, 806 So. 2d 557, 559 (Fla. App. 3 Dist. 2002) (service on a receptionist or law clerk of corporation did not satisfy corporate service requirements).

**2. Service Upon Individual**

With regard to service of process upon individuals, "Rules 4(d) and (e) of the Federal Rules of Civil Procedure provide that service of process of the summons and complaint may be made: 1.) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; 2.) pursuant to state law in which the district court is located or in which service is effected; 3.) by delivering a copy of the summons and complaint to the individual defendant personally; 4.) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or 5.) by delivering a copy of the summons and complaint to

an agent authorized by appointment or by law to receive service of process." Microsoft, 2006 WL 3391229, at *1–2.

Florida law provides that individuals may be served by delivering a copy of the summons and complaint: 1.) to the person named; 2.) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; 3.) by substitute service to the person's spouse; 4.) by substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place of business, and if the individual is doing business as a sole proprietorship; or 5.) on an authorized agent. Fla. Stat. §§ 48.031, 48.151; Microsoft, 2006 WL 3391229, at *2. "Strict compliance with the statute is required for substitute service." Microsoft, 2006 WL 3391229, at *2 (citing Hovarth v. Aetna Life Ins. Co., 634 So. 2d 240 (Fla. App. 1994)).

For Defendant Rory Brown, process was also allegedly served, at Defendant's place of business, upon Massiel (or Massel) Jiron, an employee of Airport Book & Video, Inc. working at the front desk, on February 14, 2007 at 2:36 p.m. Affidavit of Service (DE # 11); Borras Affidavit ¶3. Massiel Jiron swears, in her affidavit, that she is employed by Defendants as a "store clerk/cashier." Jiron Affidavit ¶2. Plaintiff does not contend that Massiel Jiron was at Defendant Rory Brown's place of abode when served, or that Massiel Jiron is Rory Brown's spouse or agent authorized to receive service for Defendant Rory Brown.

The Affidavit of Service upon Rory Brown (DE # 11) indicates that "substitute service" was effected upon the "Front Desk" manager of Defendant's business in accordance with Fla. Stat. §48.031(2)(b). Florida Statute §48.031(2)(b) provides "[s]ubstitute service may be made on an individual doing business as a sole proprietorship at his or her place of business, during

regular business hours, by serving the person in charge of the business at the time of service if two or more attempts to serve the owner have been made at the place of business." However, Defendant Rory Brown's business is a corporation, Airport Book & Video, Inc, and not a sole proprietorship. Further, the Affidavit of Service upon Rory Brown (DE # 11) does not indicate that two or more attempts to serve the owner occurred. The Court concludes that service of process upon Massiel Jiron did not satisfy the requirements of the Federal Rules of Civil Procedure or Florida law regarding service of process.

Because service of process was insufficient in this case, the Court had no power to render judgment; therefore, the default judgments are void. In re Worldwide Web Systems, Inc., 328 F.3d at 1299 (citing Varnes, 674 F.2d at 1368). Rule 60(b)(4) states that a judgment may be set aside when the judgment is void. Fed. R. Civ. P. 60(b)(4). Because default judgment is set aside for insufficiency of process, the Court does not need to inquire further into which affidavits are true and whether any may be fraudulent.

## III. Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Set Aside Default Judgments (DE # 20) is GRANTED. The Default Judgments (DE # 17 & 18) are hereby set aside and VACATED. The Clerk of Court is ordered to VACATE its Entries of Default (DE # 13 & 14) pursuant to Fed. R. Civ. P. 55(c), and to REOPEN this case. Defendants have conceded that Rory Brown was properly served with process subsequent to the filing of Defendants' Motion to Set Aside Default Judgment. Def. Reply ¶18. Service upon Rory Brown is proper service for both Rory Brown and Airport Book & Video, Inc.; therefore, Defendants are ordered to file their

Answer(s) within ten (10) days of entry of this order. It is further

ORDERED AND ADJUDGED that the Parties shall hold a Joint Scheduling Conference, in compliance with S.D. Fla. L.R. 16.1, no later than twenty (20) days after the filing of the Defendants' Answer(s). Within ten (10) days of the scheduling conference, counsel shall file a joint scheduling report in full compliance with S.D. Fla. L.R. 16.1. **Failure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs.** It is further

ORDERED AND ADJUDGED that Defendant's Motion for Protective Order from Deposition to Enforce Judgment (DE # 30) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of August, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record